UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEVE AND SUSAN DRAKE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| WELLS FARGO BANK, N.A., et al., | ) |
| | ) Case No. 4:11-CV-00581-BP |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**
**AND STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

Pursuant to Fed. R. Civ. P. 56, plaintiffs submit the following Motion for Summary Judgment against defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac"). Plaintiffs respectfully request this Court enter an order for Summary Judgment in their favor because the Appointment of Successor Trustee filed in the Jackson County Recorder's office on July 14, 2010 is void. Because the Appointment of Successor Trustee is void, the foreclosure sale was conducted by a non-Trustee, and is contrary to Missouri law and the controlling terms of the Deed of Trust. These facts render the foreclosure wrongful.

In support, Plaintiffs attach a statement of uncontroverted material facts to this Motion, and attach all pleadings, exhibits, or affidavits relied on. Plaintiffs have also filed a separate legal memorandum as required by Fed. R. Civ. P. 56. A proposed order is attached.

**Statement of Uncontroverted Material Facts**

1. A Deed of Trust dated July 25, 2007 relating to plaintiffs' family home was recorded in the Jackson County Recorder of Deeds on July 26, 2007. See Certified Copy of Plaintiffs' Deed of Trust dated July 25, 2007, attached as Exhibit A.

2. Paragraph 22 of the Deed of Trust describes the foreclosure procedure applicable in the event of a default on the note. See Exhibit A.

3. Under the terms set forth in ¶ 22 of the Deed of Trust, once a Lender invokes the power of sale, only a Trustee may give notice of a foreclosure sale and sell the property at a foreclosure sale. See Exhibit A.

4. Plaintiffs executed a note on or about July 25, 2007 to finance the purchase of their family home. A copy of Plaintiffs' note is attached as Exhibit B.

5. Plaintiffs' originating lender was Metcalf Bank, a Banking Corporation ("Metcalf Bank"). See Exhibit B.

6. On August 2, 2007, Metcalf Bank sold Plaintiffs' note to Wells Fargo. See Rule 30(b)(6) Deposition of Wells Fargo dated April 4, 2012, attached as Exhibit C, at 31:1-11 and 38:6-11.

7. On September 13, 2007, Wells Fargo sold Plaintiffs' note to Freddie Mac. See Rule 30(b)(6) Deposition of Wells Fargo dated April 4, 2012, attached as Exhibit C, at 10:23-25; 11:1-23; 38:12-22; 41:4-7; 41:21-23; 53:15-24; 54:15-19; 63:19-21; and 73:2-5. See also Rule 30(b)(6) Deposition of Freddie Mac dated March 29, 2012, attached as Exhibit D, at 36:9-12; 37:7-17; 89:18-25; and 90:1. See also Loan Transfer History, attached as Exhibit E; MERS Milestones, attached as Exhibit F; and Freddie Mac Screen Print, attached as Exhibit G.

8. Plaintiffs' note was not sold again before the foreclosure sale on August 9, 2010. See Exhibit C, at 49:5-14 and Exhibit D, at 37:15-17. See also Exhibit F.

9. On July 12, 2010, Wells Fargo executed a document called Appointment of Successor Trustee. See Certified Copy of Appointment of Successor Trustee, attached as Exhibit H.

10. The Appointment of Successor Trustee was signed by Jerry Morgan, Attorney-in-Fact for Wells Fargo. See Exhibit H.

11. The Appointment of Successor Trustee states: "WHEREAS, the undersigned is the owner and holder of the note described and secured by the Deed of Trust, and the payee of such debt . . . removes the Original Trustee and any other duly appointed Successor Trustee under the above-referenced Deed of Trust and hereby appoints Kozeny & McCubbin, L.C., 12400 Olive Blvd., Suite 555, St. Louis, MO 63141 as Successor Trustee under said deed of trust . . ." See Exhibit H at 2.

12. Wells Fargo caused the Appointment of Successor Trustee to be recorded in the Office of the Recorder of Deeds, Jackson County, Missouri, on July 14, 2010. See Exhibit H at 1.

13. Kozeny & McCubbin, L.C. claims to have served as Successor Trustee for the purpose of conducting a foreclosure sale of Plaintiffs' property on August 9, 2010. See Certified Copy of Successor Trustee's Deed, attached as Exhibit I.

14. On July 12, 2010 the date of the Appointment of Successor Trustee, Wells Fargo was not the owner of the indebtedness associated with Plaintiffs' note. See Exhibit D, at 44:18-21. See also Exhibit F.

15. In July of 2010 Plaintiffs' note was owned by Freddie Mac. See Exhibit F.

16. On August 9, 2010, Kozeny & McCubbin, as Successor Trustee, sold the Drake's home at a foreclosure sale. See Certified Copy of Successor Trustee's Deed dated August 10, 2010, attached as Exhibit I.

17. Federal Home Loan Mortgage Corporation, or Freddie Mac, purchased the Drake's home at the foreclosure sale on August 9, 2010. See Exhibit I.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
104 NE 72nd Street
Suite I
Gladstone, MO 64118
(816) 283-3380
(816) 283-0489 FACSIMILE
gleyh@leyhlaw.com
COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of November, 2012, a copy of the foregoing Plaintiffs' Motion for Summary Judgment and Statement of Uncontroverted Material Facts was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may also access this filing through the Court's electronic filing system.

/s/ Gregory Leyh
Attorney for Plaintiffs