UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| STEVE AND SUSAN DRAKE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., et al., | ) | |
| | ) | Case No. 4:11-CV-00581-BP |
| Defendants. | ) | |

PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, plaintiffs submit the following Memorandum in Support of Motion for Summary Judgment against defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("Freddie Mac").

Plaintiffs' First Amended Complaint asserts claims against defendants for wrongful foreclosure and quiet title. For the reasons set forth below, plaintiffs are entitled to summary judgment in their favor on their wrongful foreclosure and quiet title claims.

### I. THIS COURT'S SCHEDULING AND DISCOVERY ORDERS

On September 20, 2012, this Court ordered defendants to produce documents responsive to plaintiffs' Request for Production of Documents (RFP) nos. 12 and 14. (Doc. 81) Defendants have failed to produce documents responsive to RFP nos. 12 and 14.

The Court's September 20 Order also directed defendants to re-present their respective Rule 30(b)(6) corporate designees to be deposed on topics set forth in

Plaintiffs' Second Amended Notice of Rule 30(b)(6) Deposition.  The Court limited the scope of the deposition to exclude matters identified in paragraph 3 of the Second Amended Notice of Rule 30(b)(6) Deposition.  Defendants have failed to comply with the Court's September 20 Order by re-presenting their corporate designees for deposition, and have instead indicated an intention to revisit these matters with the Court.

On October 4, 2012, the Court ordered Freddie Mac to produce documents requested in RFP nos. 4 and 8, and to "produce these documents immediately and regardless of whether a protective order has been entered."  (Doc. 84)  Defendants have not produced documents responsive to RFP nos. 4 and 8.

The Court also ordered Freddie Mac to produce documents requested in RFP nos. 5, 6, 17 and 18, "but only after a protective order has been entered."  The Court entered a Protective Order on October 22, 2012.  (Doc. 88)  Notwithstanding the Protective Order, defendants have failed to produce documents requested in RFP nos. 5, 6, 17 and 18.  To be clear, defendants have not produced a single document in response to any of the Orders referenced above.

Finally, in the Court's Order dated September 20, 2012, the Court set a deadline of November 15, 2012 for the filing of dispositive motions.  Pursuant to that deadline, plaintiffs file their Motion for Summary Judgment.[1]

Plaintiffs' Motion for Summary Judgment addresses a single, narrow legal issue: under the power of sale provision of the Drake's Deed of Trust, may a non-Lender invoke the power of sale and appoint a Successor Trustee for the purpose of conducting a

---

[1] Defendants filed a Motion for Summary Judgment on August 1, 2012.  The Court granted plaintiffs' Rule 56(d) Motion requesting additional discovery and time in order to respond to defendants' dispositive motion.  See Order (Doc. 78).  The discovery described above and which defendants have refused to produce is necessary in order for plaintiffs to oppose defendants' motion.  Plaintiffs' Motion for Summary Judgment, by contrast, concerns a narrow legal issue regarding which no further fact discovery is required.

foreclosure sale? Plaintiffs submit that the answer is no, and a Clay County Circuit Court recently agreed, and ruled that pursuant to an identical Deed of Trust, a non-Lender may not invoke the power of sale or appoint a Successor Trustee. See Zahnter, et al. v. Central National Bank, et al., Case No. 10CY-CV13777, Circuit Court of Clay County, Missouri (Order granting plaintiffs' Motion for Partial Summary Judgment entered on August 13, 2012). When the terms of the Deed of Trust are ignored or breached, a resulting foreclosure sale is void and must be set aside.

## II. STANDARD OF REVIEW

A court shall grant summary judgment upon submission of facts demonstrating "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must examine the evidentiary record, focusing on admissible evidence, and determine whether the movant has demonstrated an absence of a genuine issue of material fact. Beard v. Banks, 548 U.S. 521, 529 (2006).

Once the moving party has met its burden, the non-moving party may not rest on the allegations in the pleadings, but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact is present. Fed.R.Civ.P. 56(e); see also Lower Brule Sioux Tribe v. State of S.D., 104 F.3d 1017, 1021 (8th Cir. 1997).

## III. MISSOURI FORECLOSURE PRINCIPLES

### A. The Central Role of the Deed of Trust

In Missouri, the Deed of Trust is the legal source of the power to foreclose: the "power to sell under a deed of trust is a matter of contract between the parties on the conditions expressed in the instrument, and does not exist independently of it." Spires v.

Lawless, 493 S.W.2d 65, 69 (Mo. App. 1973). The Missouri Supreme Court traced the historical roots of the power of sale provision of deeds of trust in Federal National Mortgage Association v. Howlett, 521 S.W.2d 428 (Mo. 1975).

The power of sale provision in the typical MISSOURI-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS – which is the form of the Drake Deed of Trust attached to plaintiffs' Motion for Summary Judgment as Exhibit A – states that if the Lender invokes the power of sale, the Trustee is authorized to take certain steps to effect foreclosure, including mailing copies of the notice of sale, providing public advertisement of the sale, and conducting the foreclosure sale. See ¶ 22 of Exhibit A attached to plaintiffs' Motion for Summary Judgment.

### B. The Limits of a Trustee's Power

Because the source of a Trustee's power to act are the terms set forth in the power of sale provision of the Deed of Trust, those contractual terms also define the outer limits of a Trustee's power. For example, absent a proper request to the Trustee from the mortgagee to conduct a foreclosure sale, an attempted foreclosure sale is void. See Magee v. Burch, 18 S.W. 1078 (1892).

A Successor Trustee may be appointed by a court, although it is far more common "for the mortgagee to make the appointment." Stephen Max Todd, Missouri Foreclosure Manual (Missouri Practice Series), (Thomson West: 2008), at § 2:10. For the mortgagee to have the power to appoint the Successor Trustee, however, "it must be provided in the Deed of Trust." Id. The power of substitution granted to a mortgagee by the Deed of Trust is "strictly construed." Id.

It is common for a title company to issue a title or foreclosure report prior to the foreclosure. Trustees and their successors are well-advised to examine these reports before a foreclosure. If they do not do so, problems may arise:

> The most common problem to arise in the early stages is that the appointment of the successor trustee is executed by someone who does not appear to be the owner of the loan. *If that is true, the appointment is invalid, and all acts done by the purported successor are also invalid, resulting in a void sale.*

Id. at 3:14, p. 55-56 (emphasis added).

In contrast to a voidable sale, a void sale "is no sale." Id. at 4:15, p. 88 (citing Cockrell v. Taylor, 145 S.W.2d 416 (1940)). The general rule is stated as follows:

> The general rule is that if the holder of the mortgage has no right or power to foreclose, then the sale under an attempted foreclosure is void and no title is conveyed, but if the holder does have the right to foreclose, and if there is a legitimate attempt to foreclose by a trustee acting within the apparent scope of authority, then the sale is not void and legal title passes even though the power of sale may have been improperly exercised.

Hrovat v. Bingham, 341 S.W.2d 365, 368-369 (Mo. App. 1960).

As the undisputed facts set forth below and in the accompanying Motion for Summary Judgment demonstrate, the foreclosure sale in this case was conducted in a manner contrary to the contractual terms of the Deed of Trust, is void, and should be set aside.

### IV. THE DRAKE FORECLOSURE RESULTED IN A VOID SALE

#### A. Undisputed Material Facts

It is undisputed that the Drake Deed of Trust sets forth the legal framework for a lawful foreclosure. See Statement of Uncontroverted Material Facts Nos. 1 and 2; see also Exhibit A attached to plaintiffs' Motion for Summary Judgment. Once a lender invokes the power of sale provisions, only a Trustee may take the necessary steps to

5

effect a foreclosure sale of the property. See Statement of Uncontroverted Material Facts No. 3; see also ¶ 22 of Exhibit A attached to plaintiffs' Motion for Summary Judgment.

Plaintiffs' note is attached to the accompanying Motion as Exhibit B. According to the binding testimony of both defendants Wells Fargo and Freddie Mac, it is also undisputed that plaintiffs' note was sold to Freddie Mac on September 13, 2007. See Statement of Uncontroverted Material Facts No. 7; see also Exhibit C, at 38:12-22; 41:4-7; 41:21-23; 53:15-24; 54:15-19; 63:19-21; and 73:2-5; Exhibit D, at 36:9-12; 37:7-17; 89:23-25; and 90:1; Exhibit E; Exhibit F; and Exhibit G attached to plaintiffs' Motion for Summary Judgment. Following the sale of the plaintiffs' note to Freddie Mac on September 13, 2007, the plaintiffs' note was not sold again prior to the foreclosure sale on August 9, 2010. See Statement of Uncontroverted Material Facts No. 8; see also Exhibit C, at 49:5-14; Exhibit D, at 37:15-17; and Exhibit F attached to plaintiffs' Motion for Summary Judgment.

On July 12, 2010, defendant Wells Fargo executed an Appointment of Successor Trustee stating that Wells Fargo was the "owner and holder of the note described and secured by" the Drake Deed of Trust. See Statement of Uncontroverted Material Facts Nos. 9-12; see also Exhibit H attached to plaintiffs' Motion for Summary Judgment. However, on July 12, 2010, Wells Fargo was not in fact the "owner and holder of the note described and secured by" the Drake Deed of Trust. See Statement of Uncontroverted Material Facts Nos. 7-8, and 14; see also Exhibit F attached to plaintiffs' Motion for Summary Judgment.[2] On July 12, 2010, the owner of the note was Freddie Mac.

---

[2] Each of the exhibits attached to plaintiffs' Motion for Summary Judgment is admissible in evidence. Exhibits A (Deed of Trust), H (Appointment of Successor Trustee) and I (Successor Trustee's Deed) are

Kozeny & McCubbin, as Successor Trustee, conducted a foreclosure sale of the Drakes' home on August 9, 2010.  See Certified Copy of Successor Trustee's Deed dated August 10, 2010, and attached as Exhibit I.  Defendant Freddie Mac purchased the Drakes' home at the foreclosure sale.  See Exhibit I.

### B. The Foreclosure Sale is Void

Based on the undisputed material facts set forth above, it is clear that Kozeny & McCubbin, L.C. and its individual employees were not validly appointed Successor Trustees.  Because Wells Fargo was not the owner of debt at the time of the alleged appointment of Kozeny & McCubbin as Successor Trustee, the appointment is void.  See Williams v. Kimes, 996 S.W.2d 43, 45 (Mo. 1999) (en banc) (courts may set aside a foreclosure sale as void when a "defect is so great that it goes to the very right or power to foreclose"); see also Morris v. Wells Fargo Home Mortg., No. 11-1452, 2011 WL 3665150, at 2 (E.D. Mo. Aug. 22, 2011); Cobe v. Lovan, 193 Mo. 235; 92 S.W. 93, 98 (1906) (foreclosure sale by party lacking title is void and purchasing party owns nothing); Drake v. Wells Fargo Bank, N.A. et al., Case No. 11-00581-CV-W-BP, at 6 of 7 (W.D. Mo. October 7, 2011) (Whipple, D.) ("A plaintiff may seek to have a foreclosure sale set aside solely on the basis that the person who caused the foreclosure did not hold title to the note").

The Deed of Trust limits the conduct of foreclosure sales to the "Trustee."  See ¶ 22 of Exhibit A attached to plaintiffs' Motion for Summary Judgment.   When a party

---

certified copies and are therefore admissible.  Exhibits B (plaintiffs' note), E (Loan Transfer History), F (MERS Milestones), and G (Freddie Mac Screen Print) were documents produced in discovery by defendants Wells Fargo and Freddie Mac, and were authenticated by Wells Fargo and Freddie Mac's designated deposition witnesses.  Exhibits C and D (Depositions of Wells Fargo and Freddie Mac) are admissible because they are accompanied by the certification of the court reporter.

lacking authority to exercise power to foreclose nonetheless asserts power in a manner contrary to law, "its action is *ipso facto* null and void. The sale, therefore, by the acting trustee at the request of Jefferson was without authority and passed no title." Lovelace v. Pratt, et al., 63 S.W. 383, 384 (Mo. 1901).

In this case, due to the invalid Appointment of Successor Trustee, the foreclosure sale was conducted by a non-Trustee. Since a non-Trustee has no power under the Deed of Trust, the foreclosure sale conducted by a non-Trustee is void. See Winters v. Winters, 820 S.W.2d 694, 698 (Mo. App. S.D. 1991) (foreclosure sale conducted by a person other than the trustee is void) (citing Citizens Bank of Edina v. West Quincy Auto Auction, Inc., 742 S.W.2d 161, 162 (Mo. Banc 1987)).

Had any party bothered to request and review a valid title report, these disabling defects in the Drake foreclosure sale would very likely have been discovered. Due to the void foreclosure sale, plaintiffs are entitled to summary judgment in their favor on their wrongful foreclosure and quiet title claims against defendants Wells Fargo and Freddie Mac.

### C. A Clay County Circuit Court Recently Decided The Issue Raised in this Motion for Summary Judgment

The precise legal issue presented by this Motion for Summary Judgment was recently decided by Judge Gabbert in Zahnter, et al. v. Central National Bank, et al., Case No. 10CY-CV13777, Clay County Circuit Court, Liberty, Missouri (Order granting partial summary judgment in favor of plaintiffs, August 13, 2012). In Zahnter, plaintiffs presented evidence that the grantor (Central National Bank) appointing the Successor Trustee was not the "Lender" under an identical Deed of Trust. At the time of the Appointment of Successor Trustee, the note was owned by Federal Home Loan Bank of

8

Chicago. The Court granted partial summary judgment in favor of plaintiffs on their wrongful foreclosure claim, and set aside the foreclosure sale as void. See Docket Entry dated August 13, 2012 in Case No. 10CY-CV13777, Zahnter v. Central National Bank, pending in the Circuit Court of Clay County, Missouri.

Following the Order granting partial summary judgment, another division of the Clay County Circuit Court dismissed, with prejudice, an unlawful detainer action filed by Central National Bank against the Zahnters because a party has no right to possess property it "purchased" at a void foreclosure sale. See Central National Bank v. Zahnter, Case No. 10CY-CV11449, (Docket Entry dated September 4, 2012).[3]

## V. CONCLUSION

For the reasons set forth above, plaintiffs request that this Court enter summary judgment in their favor on their wrongful foreclosure and quiet title claims against Wells Fargo and Freddie Mac, and enter an Order setting aside the foreclosure sale and Successor Trustee's Deed attached as Exhibit I to plaintiffs' Motion for Summary Judgment.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

/s/ Gregory Leyh
Gregory Leyh, #42283
104 NE 72nd Street
Suite I
Gladstone, MO 64118
(816) 283-3380
(816) 283-0489 FACSIMILE
gleyh@leyhlaw.com
COUNSEL FOR PLAINTIFFS

---

[3] Fannie Mae filed an unlawful detainer action against the Drakes in Jackson County Circuit Court, but the detainer case was consolidated with this wrongful foreclosure suit prior to removal.

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 15th day of November, 2012, a copy of the foregoing Plaintiffs' Memorandum in Support of their Motion for Summary was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated in the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may also access this filing through the Court's electronic filing system.

                          /s/ Gregory Leyh
                        Attorney for Plaintiffs